UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANT*
58 South Service Road, Suite 410
Melville, New York   11747
(631) 247-0404
  WENDY J. MELLK, ESQ.
  KIMBERLY N. DOBSON, ESQ.

------

| | |
|---|---|
| QUINCY ARCHER,<br><br>        Plaintiff,<br><br>-against-<br><br>WOLFF SHOE COMPANY, d/b/a MARMI SHOES,<br><br>        Defendant. | Civil Action No.  11-cv-1737<br><br>Johnson, J.<br>Pohorelsky, M.J.<br><br>**ANSWER** |

------

TO: Kenneth P. Thompson, Esq.
   THOMPSON WIGDOR & GILLY LLP
   *Attorneys For Plaintiff*
   85 Fifth Avenue
   New York, New York   10003
   (212) 257-6800

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant WOLFF SHOE COMPANY, d/b/a MARMI SHOES, by and through its undersigned counsel, hereby responds to the allegations in Plaintiff's Complaint as follows:

### AS TO "NATURE OF THE CLAIMS"

   1.  Defendant denies the allegations contained in paragraph 1 of Plaintiff's Complaint.

## AS TO "JURISDICTION AND VENUE"

2. Defendant admits that Plaintiff attempts to invoke the jurisdiction of this Court. However, Defendant denies the allegations contained within paragraph "2" and further denies that Plaintiff has pled a claim under which he would be entitled to any relief whatsoever.

3. Defendant denies engaging in any unlawful conduct and avers that whether venue is proper calls for a legal conclusion to which no response is required. However, Defendant denies Plaintiff has pled a claim under which he would be entitled to any relief whatsoever.

## AS TO "PARTIES"

4. Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff resides in "Brooklyn, New York." Whether Plaintiff has "met the definition of an 'employee' and a 'person' under all applicable statutes" is a legal conclusion to which no response is required.

5. Defendant admits the allegations contained in paragraph 5 of Plaintiff's Complaint, except avers that whether Defendant is an "'employer' and a 'covered entity' under all applicable statutes" is a legal conclusion to which no response is required.

## AS TO "PROCEDURAL REQUIREMENTS"

6. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained within paragraph 6 of Plaintiff's Complaint.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained within paragraph 7 of Plaintiff's Complaint, except avers that the determination issued by the EEOC speaks for itself and denies engaging in any wrongful conduct.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Plaintiff's Complaint, except admits, upon information and belief, that the EEOC issued a Right to Sue letter dated January 7, 2011.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of Plaintiff's Complaint.

## AS TO "FACTUAL ALLEGATIONS"

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of Plaintiff's Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint, except avers that Defendant lacks knowledge or information as to whether Plaintiff was "offered a higher hourly wage than he was earning at the time."

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of Plaintiff's Complaint, except admits that Plaintiff commenced employment as a stockperson for Defendant in or around March 2007.

16. Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint, and lacks knowledge as to the reason Plaintiff "had surgery to remove the keloids."

18. Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33. Defendant denies the allegations contained in paragraph 33 of Plaintiff's Complaint, except denies knowledge or information sufficient to form a belief as to whether or why Plaintiff was hospitalized.

34. Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35. Defendant admits the allegations contained in paragraph 35 of Plaintiff's Complaint, except lacks knowledge or information sufficient to form a belief as to whether the reason Plaintiff did not take the day off was because he "needed the money and wanted to work."

36. Defendant denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

### AS TO "AS AND FOR A FIRST CLAIM FOR RELIEF (Discrimination and Harassment in Violation of Section 1981)"

40. Defendant repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 39 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

41. Defendant denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations contained in paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

### AS TO "AS AND FOR A SECOND CLAIM FOR RELIEF (Retaliation in Violation of Section 1981)"

46. Defendant repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 45 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

47. Defendant denies the allegations contained in paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations contained in paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

**AS TO "AS AND FOR A THIRD CLAIM FOR RELIEF
(Discrimination and Harassment in Violation of Title VII)"**

51. Defendant repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 50 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

52. Defendant denies the allegations contained in paragraph 52 of Plaintiff's Complaint.

53. Defendant denies the allegations contained in paragraph 53 of Plaintiff's Complaint.

54. Defendant denies the allegations contained in paragraph 54 of Plaintiff's Complaint.

55. Defendant denies the allegations contained in paragraph 55 of Plaintiff's Complaint.

56. Defendant denies the allegations contained in paragraph 56 of Plaintiff's Complaint.

## AS TO "AS AND FOR A FOURTH CLAIM FOR RELIEF
(Retaliation in Violation of Title VII)"

57. Defendant repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 56 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

58. Defendant denies the allegations contained in paragraph 58 of Plaintiff's Complaint.

59. Defendant denies the allegations contained in paragraph 59 of Plaintiff's Complaint.

60. Defendant denies the allegations contained in paragraph 60 of Plaintiff's Complaint.

61. Defendant denies the allegations contained in paragraph 61 of Plaintiff's Complaint.

## AS TO "AS AND FOR A FIFTH CLAIM FOR RELIEF
(Discrimination and Harassment in Violation of the New York State Human Rights Law)"

62. Defendant repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 61 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

63. Defendant denies the allegations contained in paragraph 63 of Plaintiff's Complaint.

64. Defendant denies the allegations contained in paragraph 64 of Plaintiff's Complaint.

65. Defendant denies the allegations contained in paragraph 65 of Plaintiff's Complaint.

66. Defendant denies the allegations contained in paragraph 66 of Plaintiff's Complaint.

### AS TO "AS AND FOR A SIXTH CLAIM FOR RELIEF
(Retaliation in Violation of the New York State Human Rights Law)"

67. Defendant repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 66 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

68. Defendant denies the allegations contained in paragraph 68 of Plaintiff's Complaint.

69. Defendant denies the allegations contained in paragraph 69 of Plaintiff's Complaint.

70. Defendant denies the allegations contained in paragraph 70 of Plaintiff's Complaint.

### AS TO "AS AND FOR A SEVENTH CLAIM FOR RELIEF
(Discrimination and Harassment in Violation of the New York City Human Rights Law)"

71. Defendant repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 70 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

72. Defendant denies the allegations contained in paragraph 72 of Plaintiff's Complaint.

73. Defendant denies the allegations contained in paragraph 73 of Plaintiff's Complaint.

74. Defendant denies the allegations contained in paragraph 74 of Plaintiff's Complaint.

75. Defendant denies the allegations contained in paragraph 75 of Plaintiff's Complaint.

76. Defendant denies the allegations contained in paragraph 76 of Plaintiff's Complaint.

### AS TO "AS AND FOR A EIGHTH CLAIM FOR RELIEF (Retaliation in Violation of the New York City Human Rights Law)"

77. Defendant repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 76 above, as if fully set forth herein at length, and denies each and every allegation not unequivocally admitted in this Answer.

78. Defendant denies the allegations contained in paragraph 78 of Plaintiff's Complaint.

79. Defendant denies the allegations contained in paragraph 79 of Plaintiff's Complaint.

80. Defendant denies the allegations contained in paragraph 80 of Plaintiff's Complaint.

81. Defendant denies the allegations contained in paragraph 81 of Plaintiff's Complaint.

### AS TO "PRAYER FOR RELIEF"

82. Defendant denies the allegations contained in the "PRAYER FOR RELIEF" clause, including sub-paragraphs "A. through D." therein and denies that Plaintiff is entitled to any of the relief sought in the Complaint.

### AS TO "JURY DEMAND"

83. Defendant denies that Plaintiff has pleaded a cause of action upon which a trial should be held or upon which relief could be granted.

## ADDITIONAL AVERMENTS

84. Defendant denies all claims and allegations not unequivocally admitted herein.

Without assuming the burden of proof as to any of the following defenses where the law does not impose such a burden on Defendant, Defendant asserts the following defenses:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

85. Plaintiff's Complaint should be dismissed for failure to state a cause of action upon which relief could be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

86. To the extent Plaintiff has failed to make diligent and good faith efforts to mitigate his purported damages, any relief awarded upon his claim in this action must be dismissed or reduced, in whole or in part.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

87. The Complaint and the claims for relief stated therein should be dismissed because Defendant, at all times, acted reasonably and in good faith toward Plaintiff and did not engage in unlawful harassment, retaliation, discrimination or other wrongdoing.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

88. Even if it were shown that Plaintiff's race, color, national origin, disability, gender, or the making of any complaint was the subject of any adverse personnel action, the same action(s) would have been taken with respect to Plaintiff without regard thereto and, as such, this Complaint should be dismissed for failure to state a claim upon which relief could be granted and/or any relief to Plaintiff should be limited or precluded.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

89. Plaintiff's claims should be dismissed to the extent that they are barred by applicable statutes of limitation.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

90. The Court should not exercise subject matter, whether original, pendent or supplemental jurisdiction, over Plaintiff's non-federal claims and, consequently, should dismiss Plaintiff's non-federal claims for lack of subject matter jurisdiction.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

91. To the extent that Plaintiff engaged in acts of misconduct prior to, during or since cessation of his employment with Defendant, which, if known, would have resulted in denial of employment to or termination of the employment of Plaintiff, any relief awarded to Plaintiff should be reduced, in whole or in part, because Plaintiff engaged in such misconduct whenever discovered.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

92. To the extent that Plaintiff's claims are compensable under the New York Workers' Compensation Law, those claims are barred by the exclusive remedy provision of said Law.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

93. The Complaint is barred, in whole or in part, because (a) Defendant exercised reasonable care to prevent and to correct promptly any harassing behavior or other discriminatory or retaliatory conduct; and, (b) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

94.     Defendant's disability claim should be dismissed to the extent Plaintiff did not have a covered disability under the NYSHRL or ADA.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

95.     The Complaint should be dismissed because any and all actions taken by Defendant with regard to Plaintiff's employment, or the terms or conditions thereof, were based on legitimate, nondiscriminatory business reasons and would have been taken regardless of any legally protected personal characteristic or complaint by Plaintiff.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

96.     Any demand for punitive damages should be denied or stricken because Defendants exercised reasonable care to prevent and/or correct any allegedly harassing or discriminatory behavior.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

97.     Plaintiff's claims are barred because and to the extent that he failed to exhaust administrative remedies.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

98.     Defendant did not perceive Plaintiff to have a disability within the meaning of the NYSHRL and, therefore, Plaintiff's claims under the statute should be dismissed.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

99.     Plaintiff's Complaint should be dismissed to the extent Plaintiff has failed to meet all conditions precedent to suit under the New York City Administrative Code, § 8-502(c), or failed to exhaust administrative remedies, in that, *inter alia*, Plaintiff failed to serve a

copy of the Complaint upon the City Commission on Human Rights and the Corporation Counsel.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

100.  Defendant reserves the right to plead additional separate and affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise.

**WHEREFORE**, Defendant requests that the Court:

(i)   dismiss with prejudice Plaintiff's Complaint;

(ii)  denies each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

(iii) award to Defendant reimbursement for costs, and attorneys' fees; and, grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
       May 16, 2011

Respectfully submitted,

JACKSON LEWIS LLP
ATTORNEYS FOR DEFENDANTS
58 South Service Road
Melville, New York 11747
(631) 247-0404

By: _____
WENDY J. MELLK, ESQ.
KIMBERLY N. DOBSON, ESQ.

14

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May, 2011, I caused a true and correct copy of the enclosed **Defendants' Answer to Plaintiff's Complaint** was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Eastern District's Local Rules, and the Eastern District's Rules on Electronic Service upon the following parties and participants:

Kenneth P. Thompson, Esq.
THOMPSON WIGDOR & GILLY LLP
*Attorneys For Plaintiff*
85 Fifth Avenue
New York, New York  10003
(212) 257-6800


_____
Kimberly N. Dobson

4840-9023-2073, v. 1